UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:03-CR-246 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| GARION LEWIS ) | |

**MEMORANDUM & ORDER**

I. **BACKGROUND**

Defendant Garion Lewis was sentenced by this Court to 130 months of imprisonment to be followed by five years of supervised release on June 4, 2004. (Doc. 44 at 2–3.)[1]

Defendant has had two terms of supervision revoked by this Court. (Doc. 117 and 130.) On February 11, 2021, during Defendant's third term of supervised release, the Court issued a warrant in response to a petition alleging Defendant violated the terms of his supervised release between approximately August 2021 and February 2021.[2] (Doc. 151.) On June 23, 2021, the Court issued a warrant in response to an amended petition from the United States Probation Office. (Doc. 152.) The amended petition added an alleged violation of the mandatory condition prohibiting Defendant from committing any federal, state, or local crimes while on supervised release stemming from an arrest on June 12, 2021. (*Id.* at 2.)

---

[1] The Court amended this judgment on February 15, 2006; however, Defendant's length of imprisonment and term of supervised release remained the same. (Doc. 77 at 2–3.)

[2] An internal docket entry by the Office of the Clerk of Court indicates "Sealed Arrest Warrant issued in case as to Garion Lewis. Petition and warrant serviced to US Marshals via interoffice mail" on February 11, 2021.

Defendant's third term of supervised release was set to expire on April 19, 2022. (*Id.* at 1.) A warrant was returned executed two years later, on March 12, 2024.[3] (Doc. 158.) The parties agree that a second warrant based on the amended petition was not served on Defendant. Defendant appeared before the Court for a hearing on the February 2021 petition and June 2021 amended petition on May 15, 2024. (Doc. 171.) There, Defendant argued that the Court lacked jurisdiction over the matters raised in the amended petition because the United States did not issue and serve a second warrant upon Defendant. The United States responded that the Court does have jurisdiction over the original petition along with the amended petition. The purpose of this Memorandum and Order is to resolve the jurisdictional question raised by Defendant.

## II. DISCUSSION

The United States Code provides that:

> If there is probable cause to believe that a probationer or a person on supervised release has violated a condition of his probation or release, he may be arrested, and, upon arrest, shall be taken without unnecessary delay before the court having jurisdiction over him. A probation officer may make such an arrest wherever the probationer or releasee is found, and may make the arrest without a warrant. The court having supervision of the probationer or releasee, or, if there is no such court, the court last having supervision of the probationer or releasee, may issue a warrant for the arrest of a probationer or releasee for violation of a condition of release, and a probation officer or United States marshal may execute the warrant in the district in which the warrant was issued or in any district in which the probationer or releasee is found.

18 U.S.C. § 3606. Additionally:

> [t]he power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C. § 3583(i).

---

[3] This is the same warrant issued by the Court on February 11, 2021. (*See* Doc. 158.)

2

Here, Defendant argues the Court did not have jurisdiction to conduct revocation proceedings on the allegations added in the amended petition because the alleged violations occurred after his term of supervision had expired and because no warrant was issued. The United States argues the question of whether a second warrant was issued has no bearing on the current proceedings because the Court is not required to issue a warrant in response to an amended petition.

The United States District Court for the Northern District of Ohio recently addressed this question in a similar proceeding. In *United States v. Mangum*, 2024 WL 908755, at *1 (N.D. Ohio Mar. 4, 2024), the defendant was subject to a term of supervised release that began on October 31, 2016, and was set to expire on October 31, 2020. *Id.* at *1. The court held a hearing on June 27, 2017, in response to a violation report filed by the probation office. *Id.* The court found the defendant had violated the terms of his supervised release but delayed sentencing the defendant on the violations. *Id.* However, the court left the defendant's previous conditions in effect. *Id.* On August 30, 2017, the court held a hearing on a second violation report. *Id.* The court adjudged the defendant guilty of the alleged violations but did not revoke the defendant's term of supervised release. *Id.* Instead, the court continued the defendant on supervision under modified terms. *Id.* The defendant submitted to a urinalysis following the August 30, 2017, hearing, and tested positive for cocaine. *Id.* at *2. The court issued a summons on September 13, 2017, in response to a third violation report based upon the positive urinalysis. *Id.* The violation report contained three allegations: illicit drug use on multiple occasions, failure to submit to drug testing, and failure to comply with treatment. The Court issued a warrant for the defendant's arrest on September 14, 2017. *Id.* The defendant stopped reporting to his probation officer following the August 30, 2017, test. *Id.*

3

Over two years later, on December 21, 2019, the defendant was arrested for operating a vehicle under the influence of alcohol. *Id.* The defendant provided a false identify at the time of his arrest, so the arresting officers were not immediately aware of the arrest warrant issued by the district court. *Id.* On January 22, 2020, the officers learned of the defendant's true identity. *Id.* The probation office subsequently updated the violation report to include the conduct that occurred when the defendant was arrested on state charges. *See id.* at *2. Defendant's hearing on the alleged violations was conducted on January 4, 2024, nearly four years after the date his term of supervised release was set to expire. *See id.* at *1.

The defendant argued that the district court lacked jurisdiction "to consider pre-supervised release expiration conduct in a post-expiration supervised release revocation proceeding" because the alleged violations were not the subject of a warrant issued during the supervised release period. *Id.* at *3.

To resolve this question, the court first examined the language of 18 U.S.C. § 3583(i) which specifically provides that the Court's authority "extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3583(i).

The defendant conceded the warrant issued on September 14, 2017, was prior to the expiration of his sentence. *Mangum*, 2024 WL 908755, at *5. However, the defendant argued this warrant could not extend to his arrest on violations two and three because it only spoke to the alleged illicit drug use. *Id.*

Applying caselaw from the United States Court of Appeals for the Fifth Circuit, the district court held that the warrant could extend to violations two and three. The court reached this

4

conclusion, in part, because "[u]nder the plain language of § 3583(i) there is no limit on the violations which the Court may consider in a post-expiration revocation proceeding, provided that proceeding is otherwise proper under § 3583(i), or any other applicable law or Criminal Rule." *Id.* at *6. The district court relied on the Fifth Circuit's distinction between the phrases "such violation" and "such a violation." *Id.* Ultimately, the district court agreed with the Fifth Circuit's rationale that:

> The statute does not require the pre-term-expiration-warrant to be based on an allegation concerning the specific violation for which revocation may be later, or ultimately sought, however, because it uses the phrase 'such a violation', not 'such violation'. If 'such violation' had been used, it would refer back to the phrase 'violation of a condition of supervised release' employed earlier in subsection (i) and concerning the actual post-term-expiration revocation basis. The employed-phrase, 'such a violation' however, includes more than just the earlier employed 'violation of a condition' permitting post-term-expiration revocation. 'Such a violation', which pertains to the basis for the requisite issuance of a pre-term-expiration warrant, refers to, or references, any violation of a condition of supervised release during the term, not just the one on which revocation is ultimately based.

*Id.* (quoting *United States v. Naranjo*, 259 F.3d 379, 382 (5th Cir. 2001)). Accordingly, the *Mangum* court held that it did have jurisdiction over the defendant's revocation proceedings because the court retains jurisdiction "[s]o long as a defendant is the subject of any warrant or summons related to a violation of supervised release . . . ." *Id.* at *6.

Returning to the issue before the Court, the Court first notes that the language of § 3583 requires that a warrant be "issued" before the expiration of a term of supervised release not "served" before the same. The Court issued a warrant through its Order on June 23, 2021. (Doc. 152.) Additionally, the Court finds that the current proceedings, which are occurring after the expiration of Defendant's term of supervised release, fall within § 3583's language "for any period reasonably necessary for the adjudication of matters arising before [the expiration of the term of supervised release]." *See* 18 U.S.C. 3583(i). The Court ordered Defendant be brought to be heard

5

on the amended petition in 2021, before the 2022 expiration of his term of supervised release. (Doc. 152.) However, Defendant was not placed into custody of the United States Marshals Service until 2024. (Doc. 158.) The lapse in time between the Court's Order and Defendant's hearing falls within § 3583(i)'s provision for post-term-of-supervised-release proceedings. Accordingly, the Court has jurisdiction to conduct proceedings related to Defendant's supervised release status even though his term of supervised release would have expired in 2022.

Furthermore, the Court finds that the February 11, 2021, arrest warrant properly formed the basis for the Court to maintain jurisdiction over the additional allegations included in the June 2021 amended petition. The parties do not dispute that Defendant was still subject to a term of supervised release when the February 2021 warrant was issued. Accordingly, the warrant issued on February 11, 2021, also applies to the June 2021 amended petition.

Relying on the rationale of the Court of Appeals for the Fifth Circuit and the district court in *Mangum*, the Court finds that § 3583(i)'s statutory language extends to the situation currently before the Court. Therefore, the Court has jurisdiction over the violations alleged in both the February 2021 petition and the June 2021 amended petition.

## III. CONCLUSION

The Court retains jurisdiction over these post-term-of-supervised-release proceedings pursuant to 18 U.S.C. § 3583(i). Additionally, the Court properly retains jurisdiction over the February 2021 alleged violations and the violations alleged in the June 2021 amended petition because a proper arrest warrant was issued on February 11, 2021. Defendant's revocation hearing is **RESET** for **September 18, 2024**.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**